**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Jonathan Mendoza-Gonzalez, ) | |
| a/k/a Jonathan Gonzalez-Mendoza, ) | |
| ) | Civil Action No. 4:23-cv-00562-TMC |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Warden, FMC Fort Worth, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Johnathan Mendoza-Gonzalez ("Petitioner"), a federal prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 on February 9, 2023.  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be transferred to the United States District Court for the Northern District of Texas, Petitioner's district of confinement. (ECF No. 4). Petitioner was advised of his right to file objections to the Report. (ECF No. 4 at 3). The court mailed Petitioner a copy of the Report to Petitioner's last known address. (ECF No. 5). As the Report has not been returned to the court as undeliverable, the court assumes Petitioner received the same. However, Petitioner has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop.*

1

*Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Since Petitioner was in custody upon filing this habeas petition and is currently in custody at Federal Medical Center in Fort Worth, Texas, under *Rumsfield v. Padilla*, proper venue in this case does not lie within the District of South Carolina but rather the Northern District of Texas. *Rumsfield v. Padilla*, 542 U.S. 426, 442-444 (2004). District Courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas relief is "issuable only in the district of confinement." *Id*. at 442. The habeas statute confirms the general rule that "jurisdiction lies in only one district: the district of confinement." *Id*. at 443. Here, the court lacks jurisdiction over Petitioner's current custodian, the Warden of FMC Fort Worth, who is located in Texas.  Accordingly, this court is constrained to conclude that it lacks jurisdiction to entertain this habeas petition. Because the court lacks jurisdiction, it must now determine whether to dismiss this action or to transfer the case to the appropriate jurisdiction. The court may, in the interests of justice, transfer the case to the appropriate court. *See Feller v. Brock*, 802 F.2d 722, 729, n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.") (citing 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3844 at 329-30 (1986)). The court finds that it is in the

interest of justice to transfer this case rather than to dismiss it and force Petitioner to refile in the proper venue.[1]

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 4), and incorporates it herein.   Thus, the Petition for Writ of Habeas Corpus (ECF No. 1) is **TRANSFERRED to the United States District Court for the Northern District of Texas.** [2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 3, 2023

---

[1] The court finds that Petitioner's opportunity to object to the Report, which recommended transfer sua sponte, satisfied the requirement under *Feller* that Petitioner be given an opportunity to be heard prior to transfer. See *Feller*, 802 F.2d at 729 n.7.

[2] As noted by the magistrate judge, as a matter of judicial efficiency, this court leaves it up to the District Court for the Northern District of Texas to determine whether it will require Petitioner to pay a filing fee or file a motion to proceed *in forma pauperis.*